UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

——

RONNIE BOONE,

                Petitioner,                Case No. 2:11-cv-125

v.                                    Honorable R. Allan Edgar

JEFFREY WOODS,

                Respondent.

_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations. I further recommend that the Court deny Petitioner's motion for equitable tolling.

## Factual Allegations

Petitioner is incarcerated in the Kinross Correctional Facility. He pleaded guilty in the Berrien County Circuit Court to one count of armed robbery. The trial court sentenced him on July 19, 2004, to imprisonment of twenty-two-and-a-half to seventy-five years. The Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal on August 25, 2006 and February 27, 2007, respectively.

Nearly a year later, on February 26, 2008, Petitioner filed a motion for relief from judgment in the Berrien County Circuit Court. The trial court denied his motion on March 28, 2008. The Michigan appellate courts denied his applications for leave to appeal for failure to demonstrate entitlement to relief under M.C.R. 6.508(D). The Michigan Supreme Court issued its order on November 23, 2009.

Petitioner now brings his application for habeas corpus relief (docket #1). He also filed a motion for equitable tolling of the statute of limitations (docket #2).

## Discussion

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

---

[1]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on February 27, 2007. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on May 28, 2007. Absent tolling, Petitioner had one year, until May 28, 2008, to file his habeas application.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). The statute of limitations was tolled when Petitioner filed his motion for relief from judgment on February 26, 2008. At that time, Petitioner had ninety-two days remaining in the limitations period. The statute remained tolled until the Michigan Supreme Court denied Petitioner's application for leave to appeal on November 23, 2009. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). Thereafter, Petitioner had ninety-two days, until February 23, 2010, to file his habeas petition. Petitioner filed the instant habeas petition on or about March 15, 2011, more than a year after the statute of limitations expired. Accordingly, the petition is time-barred.

Petitioner concedes that his petition is time-barred, but claims that he is entitled to equitable tolling. The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Akrawi*, 572 F.3d at 260.

In support of his claim for equitable tolling, Petitioner claims that he has a mental illness for which he receives treatment from the Michigan Department of Corrections (MDOC). Petitioner alleges that as a result of his mental illness, he qualifies for legal assistance through the MDOC's legal writer program. Mental or physical illness tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period. *Price v. Lewis*, 119 F. App'x 725, 726-27 (6th Cir. 2005) (citing *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) and *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 168-70 (S.D.N.Y. 2000)). "The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity." *Brown v. McKee*, 232 F. Supp. 2d 761, 768 (E.D. Mich. 2002). *See also, Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001) ("We will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" (citation and internal quotation marks omitted) (emphasis added)); *Biester v. Midwest Health Serv., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996) (finding equitable tolling inappropriate where the evidence demonstrated the prisoner's ability to file his claim, in spite of his mental condition); *Lopez v. Citibank, N.A.*, 808 F.2d 905, 907 (1st Cir. 1987) (same).

Petitioner has not alleged any facts that would suggest that his mental illness prevented him from timely filing his habeas petition. While Petitioner claims that he is being treated

by the MDOC for a mental illness, he does not identify his mental disorder or specifically allege how it prevented him from pursuing his rights. The fact that a person is receiving treatment for his mental illness weighs more in favor of his being able to function than not. *See Miller*, 77 F.3d at 191-92. Petitioner's qualification for the legal writer program is not sufficient to demonstrate that his mental illness constitutes an "extraordinary" circumstance for purposes of equitable tolling. The record shows that Petitioner was able to pursue both direct and collateral challenges to his conviction in the state courts notwithstanding his mental illness. *See Bilbrey v. Douglas*, 124 F. App'x 971, 973 (6th Cir. 2005) (disallowing equitable tolling on the basis of mental incapacity where the habeas petitioner had pursued state court litigation even during the periods when her mental condition was the most impaired); *Price*, 119 F. App'x at 727 (habeas petitioner was not entitled to equitable tolling of one-year limitations period on basis of physical and psychiatric problems where he sought and obtained help with his legal paperwork during period of alleged incapacity, such that he was not actually prevented by his problems from pursuing his legal rights). The fact that Petitioner had the assistance of a lawyer or a legal writer for some of those proceedings, "is a distinction without significance." *McSwain v. Davis*, 287 F. App'x 450, 457 (6th Cir. 2008). Moreover, in light of the more than one year lapse from the time that the Michigan Supreme Court denied his application for leave to appeal on November 23, 2009, until he filed his habeas petition, Petitioner cannot show that he was diligent in pursuing in claims. Petitioner, therefore, has not met his burden of establishing that he is entitled to equitable tolling on the basis of her mental illness.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court

may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. In addition, I recommend that the Court deny Petitioner's motion for equitable tolling (docket #2). I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


/s/ Timothy P. Greeley                               
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   April 26, 2011


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).