UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONNIE BOONE,

       Petitioner,

v.                                 Case No. 2:11-cv-125
                                 HON. R. ALLAN EDGAR

JEFFREY WOODS,

       Respondent.
_____/

## MEMORANDUM  AND  ORDER

Ronnie Boone, a Michigan state prisoner in the custody of the Michigan Department of Corrections (MDOC), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  The habeas petition was referred to Magistrate Judge Timothy P. Greeley.

On April 26, 2011, Magistrate Judge Greeley submitted his report and recommendation. [Court Doc. No. 8].  The report recommends that the habeas petition be denied on the ground it is time-barred by the one-year statute of limitation in 28 U.S.C. § 2244(d)(1)(A).  It is further recommended that Boone's motion for equitable tolling [Court Doc. No. 2] be denied, and that a certificate of appealablity be denied under 28 U.S.C. § 2253(c)(2).

Boone raises an objection to the report and recommendation. [Court Doc. Nos. 9, 10].  Boone concedes that did not timely file his 28 U.S.C. § 2254 habeas petition within the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Boone argues that he is entitled to equitable tolling predicated on the theory that mental illness prevented him from timely filing his habeas petition.

1

Boone asserts that he has a mental illness – borderline personality disorder – for which he receives treatment from MDOC and this prevented him from timely filing his § 2254 habeas petition.

After reviewing the entire record *de novo*, the Court finds that Boone's objection to the report and recommendation fails and must be denied. The statute of limitations, 28 U.S.C. § 2244(d)(1), applicable to habeas petitions brought by state prisoners under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *Robinson v. Easterling*, 2011 WL 1977272, * 3 (6th Cir. May 20, 2011); *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). This Court may review a time-barred § 2254 habeas petition under the doctrine of equitable tolling provided the petitioner shows that his failure to timely file unavoidably arose from circumstances beyond his control. *Robinson*, 2011 WL 1977272, at * 3; *Robertson*, 624 F.3d at 783; *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000); *see also McSwain v. Davis*, 287 Fed. Appx. 450, 456 (6th Cir. 2008). The Sixth Circuit cautions that the doctrine of equitable tolling should be applied "sparingly." *Robertson*, 624 F.3d at 784; *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

Boone bears the burden of showing that he is entitled to equitable tolling. *Robertson*, 624 F.3d at 784. To obtain equitable tolling, Boone is required to establish two essential elements: (1) he exercised reasonable diligence to pursue his rights; and (2) some extraordinary circumstance stood in his way and prevented him from timely filing his 28 U.S.C. § 2254 habeas petition. *Holland*, 130 S.Ct. at 2562; *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Robinson*, 2011 WL 1977272, at * 3; *Robertson*, 624 F.3d at 784. The one-year statute of limitations in 28 U.S.C. § 2244(d)(1) may be equitably tolled only if the circumstances are both beyond Boone's control and unavoidable even

2

with the exercise of reasonable diligence. *Robinson*, 2011 WL 1977272, at * 3; *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

The Court finds that Boone has not met his burden of showing either of these elements. Boone has not demonstrated that he exercised reasonable diligence to pursue his rights to timely file his habeas petition under 28 U.S.C. § 2254.

Boone also fails to show that some extraordinary circumstance stood in his way and prevented him from timely filing his § 2254 habeas petition. A mental or physical illness can toll a statute of limitations if it actually prevents the sufferer from pursuing his legal rights during the limitations period. *See e.g. McSwain*, 455 Fed. Appx. at 455-57; *Price v. Lewis*, 119 Fed. Appx. 725, 726-27 (6th Cir. 2005); *Nowak v. Yukins*, 46 Fed. Appx. 257 (6th Cir. 2002); *Williams v. Palmer*, 2010 WL 889963 (W.D. Mich. March 10, 2010); *Williams v. Curtin*, 2009 WL 806934, * 8 (W.D. Mich. March 25, 2009). Although Boone may suffer from a relatively mild mental illness (borderline personality disorder), Boone has not alleged and demonstrated sufficient facts to make a threshold showing that it prevented him from timely filing his habeas petition under § 2254. The Court is not persuaded that there are sufficient facts and circumstances here to establish a genuine causal connection between Boone's borderline personality disorder and his failure to timely file the habeas petition. *Cf. McSwain*, 455 Fed. Appx. at 455-57.

Accordingly, petitioner Boone's objection to the report and recommendation [Court Doc. No. 9] is **DENIED**. The Court **ACCEPTS and ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b). Boone's motion for equitable tolling [Court Doc. No. 2] is **DENIED**. The petition for writ of habeas corpus brought under 28 U.S.C. § 2254 shall be **DENIED and DISMISSED WITH PREJUDICE** on the ground that it is time-barred by

3

the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A).

If petitioner Boone files a notice of appeal, it will be treated as an application for a certificate of appealability which shall be **DENIED** pursuant to 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1); and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Reasonable jurists could not find it debatable whether the habeas petition is properly dismissed on the ground that it is time-barred under 28 U.S.C. § 2244(d)(1)(A).

A separate judgment will enter.

SO ORDERED.

Dated:  June 10, 2011.


            */s/    R. Allan Edgar*
            R. ALLAN EDGAR
            UNITED STATES DISTRICT JUDGE